**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>Juan D. Garcia (deceased) and Teresa A. Garcia,<br>　　　　　　　　Debtors.<br>Teresa A. Garcia,<br>　　　　　　　　Appellant,<br>v.<br>Lawrence J. Warfield,<br>　　　　　　　　Appellee. | No. CV16-02835-PHX DGC<br>BK NO. 0:15-bk-06493-BMW<br><br>**ORDER** |

Debtor Teresa Garcia appeals an order of the bankruptcy court sustaining Trustee Lawrence J. Warfield's objection to her claimed exemption for group life insurance proceeds paid to her as a surviving spouse. Doc. 8. Trustee asks the Court to affirm the bankruptcy court's decision. Doc. 9. The appeal is briefed, and no party has requested oral argument. Docs. 8, 9. For reasons set forth below, the Court will reverse the bankruptcy court's decision.

**I.    Background.**

The following facts are undisputed. Doc. 8 at 6; Doc. 9 at 4.[1] On May 26, 2015, Juan Garcia and Debtor Teresa Garcia jointly filed a Chapter 7 bankruptcy petition.

---

[1] Citations are to the page number applied by the Court's CM/ECF system to the top of each page, not the original number on the bottom of each page.

Doc. 8 at 6. On July 18, 2015, Mr. Garcia passed away. *Id.* Mr. Garcia had a group life insurance policy through his employer, PepsiCo, and Debtor became entitled to group life insurance proceeds of $158,000.00. *Id.* On August 11, 2015, Debtor filed an amendment to the schedules and statements, claiming that the insurance proceeds were exempt from the claims of her creditors under A.R.S. § 20-1132. *Id.* On February 2, 2016, Trustee filed an objection, asserting that § 20-1132 did not apply and that Debtor was entitled to an exemption of only $20,000.00 under A.R.S. § 33-1126. Bankr. Doc. 39.[2] The bankruptcy court sustained Trustee's objection, and Debtor filed this appeal.

**II.    Standard of Review.**

Under 28 U.S.C. § 158(a)(1), the Court has jurisdiction over appeals from final judgments, orders, and decrees of bankruptcy judges. The Court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). This appeal presents a purely legal question.

**III.   Discussion.**

In 1954, the Arizona legislature enacted a comprehensive insurance code. *See* Arizona Insurance Code Act, ch. 64 (Senate Bill No. 1), 21 Ariz. Sess. Laws 80, App'x A (1954). The Act included a provision aimed at protecting proceeds of group life insurance policies from the claims of creditors. *Id.* at Art. 11, Sec. 32 (page 111 of App'x A). The provision's language is substantially similar to the National Convention of Insurance Commissioners' ("NCIC's") standard language proposed in 1918, which has been adopted (either with the same or similar language) by approximately 25 states. *See In re Fahey*, 352 B.R. 288, 291 (Bankr. D. Colo. 2006).

The provision relevant to this case was codified as A.R.S. § 20-1132, which reads:

> A policy of group life insurance or the proceeds thereof, payable to the individual insured or to the beneficiary thereunder shall not be liable, either before or after payment, to be applied by any legal or equitable process to pay any liability of any person having a right under the policy.

---

[2] "Bankr. Doc." citations are to the bankruptcy court docket. *In re Garcia*, 0:15-bk-06493-BMW (Bankr. D. Ariz. filed May 26, 2015).

A.R.S. § 20-1332(A). This appeal presents an issue of first impression for this Court regarding the statutory interpretation of this section.

Debtor argues that the bankruptcy court erred by holding that § 20-1332 does not apply to her situation, and by denying her request to exempt all proceeds of her late husband's group life insurance policy from her creditors. Doc. 8 at 6. Trustee asserts that the bankruptcy court did not err and that its decision should be affirmed because § 20-1332 protects the proceeds of a group life insurance policy only from creditors of the purchaser and the insured, not from creditors of the beneficiary. Doc. 9 at 5-11.

### A.  Liberal interpretation of exemption statutes.

Under both federal and Arizona law, exemption statutes are to be liberally construed in favor of a debtor who claims an exemption. *In re Thiem*, 443 B.R. 832, 837-38 (Bankr. D. Ariz. 2011) (citing *In re Arrol*, 170 F.3d 934, 937 (9th Cir. 1999); *Gardenhire v. Glasser*, 226 P. 911, 912 (Ariz. 1924); *In re Herrscher*, 121 B.R. 29, 31 (Bankr. D. Ariz. 1989)). The exemption laws in Arizona "were not created merely for the purpose of conferring a privilege on a debtor, but to shelter the family and thereby benefit the state." *In re Hummel*, 440 B.R. 814, 820 (9th Cir. BAP 2010) (quoting *In re Foreacre*, 358 B.R. 384, 390 (Bankr. D. Ariz. 2006)).

"The meaning of a state exemption is controlled by the applicable state law, and a bankruptcy court is bound by the state's construction of its statute." *In re Thiem*, 443 B.R. at 838. The Arizona Supreme Court has instructed that "[w]hen resolving questions of statutory interpretation, we first consider the language of the statute, which provides 'the best and most reliable index of a statute's meaning.'" *State v. Thomas*, 194 P.3d 394, 396 (Ariz. 2008) (quoting *Janson v. Christensen*, 808 P.2d 1222, 1223 (Ariz. 1991)).

### B.  Does Debtor have a "right under the policy?"

The plain language of § 20-1332 protects proceeds of a group life insurance policy from "any liability" of "any person having a right under the policy." § 20-1332. Thus, whether § 20-1332 exempts proceeds from the creditors of a beneficiary turns on whether the beneficiary has "a right under the policy." The parties do not cite, nor has the Court

found, any Arizona case addressing whether a beneficiary of a life insurance policy has "a right under the policy." *See* § 20-1332.

Debtor cites A.R.S. § 20-1128(A) to support her position that a beneficiary has "a right under the policy" from the moment the insured dies. Doc. 8 at 11. Section 20-1128(A) states that "[t]he benefits payable upon the death of the insured and provided in any life . . . insurance policy made payable to . . . the spouse of the insured shall . . . inure upon their becoming payable, to the separate use and benefit of such spouse." *Id.* Thus, Debtor reasons, "as soon as the policy became payable, [she] had a right to the funds[,]" and this right brings her within the exemption provided in § 20-1132. *Id.*

The broad language of § 20-1332 seems to support Debtor's interpretation. It states that "proceeds . . . payable to . . . the beneficiary thereunder shall not be liable . . . to be applied by *any* legal or equitable process to pay *any* liability of *any* person having a right under the policy." § 20-1332(A) (emphasis added). Section 20-1128(A) gives the spouse of the insured rights to the proceeds of a life insurance policy at the time of the insured's passing. And § 20-1332 plainly states that it applies to "*any* person having a right under the policy." *Id.* (emphasis added).

Trustee argues that Debtor "confuses a right to the proceeds with rights under the policy." *Id.* at 8. Trustee asserts that Debtor has no "right under the policy" because "[i]n life insurance, there are only two parties who have rights under the policy – the insurer and the insured. Beneficiaries, until the insured dies, have no vested interest of any kind, and have no 'right under the policy.'" *Id.* at 7. "Life insurance beneficiaries have nothing more than an expectancy, terminable at will." *Id.* (citing *Thomas v. Thomas*, 54 So.3d 346 (Ala. Civ. App. 2009)).

True, a named beneficiary has only an expectancy before a policy becomes payable. *See, e.g.*, *Matter of Estate of Dobert*, 936 P.2d 327, 330 (Ariz. Ct. App. 1998) (finding that the named beneficiary of a life insurance policy had no vested interest in the policy proceeds prior to the insured's death); *Doss v. Kalas*, 383 P.2d 169, 172 (Ariz. 1963) ("The beneficiary, during the life of the insured, has no vested right which the law

protects[.]"). But Courts consistently recognize that a named beneficiary's expectancy becomes vested when the insured dies. *See, e.g.*, *McClain v. Beder*, 542 P.2d 424, 425 (Ariz. Ct. App. 1975), *overruled by statute on other grounds* ("[I]f the insured does not change the beneficiary [of a life insurance policy] prior to his death, the proceeds of the policy vest in the beneficiary at the time of his death."); *see also In re Holmes*, No. A11-00225-DMD, 2012 WL 365755, at *2 (Bankr. D. Alaska Feb. 2, 2012) ("Generally, 'a spouse named as the beneficiary in a life policy issued to the other spouse has a mere expectancy in the policy that becomes a vested right only upon the death of the insured.'" (quoting 4 Couch on Ins. § 64:2 (3d ed. 2011)).

Under this law, Debtor's expectancy matured into a vested right when her spouse died. Thereafter, Debtor had a vested right to payment – a "right under the policy" within the meaning of § 20-1132. Debtor's interest in the policy may not have vested before her husband died, but § 20-1132 is not limited to that point in time. It applies to "proceeds" of group life insurance "payable to the . . . beneficiary . . . either before or after payment." A.R.S. § 20-1332(A). Given this broad language, and Arizona's instruction that exemption statutes are to be construed liberally, the Court concludes that Debtor's right to the policy's proceeds constitutes "a right under the policy." *Id.*

**C.     Does § 20-1132 apply to creditors of beneficiaries?**

Trustee next argues that § 20-1132 does not apply to creditors of a beneficiary. Specifically, Trustee argues that "it is evident that A.R.S. § 20-1132 does for group life insurance what its companion statute, A.R.S. § 20-1131, does for individual life insurance – it prevents creditors of the *purchaser* and the *insured* from making claims to the proceeds." Doc. 9 at 6 (emphasis in original).

Section 20-1131 provides in relevant part:

> If a policy of life insurance is effected by any person on the person's own life or the life in favor of another person having an insurance interest in the policy, or made payable by assignment, change of beneficiary or other means to a third person, a lawful beneficiary of such third person, other than the person effecting the insurance or the person's legal representative, is entitled to its proceeds against creditors and representatives of the person effecting the insurance.

A.R.S. § 20-1331(A). A number of cases have interpreted this language to protect the proceeds of a life insurance policy from creditors of the insured's estate. *See, e.g.*, *May v. Ellis*, 92 P.3d 859, 861-62 (Ariz. 2004); *In re Estate of King*, 269 P.3d 1189, 1192 (Ariz. Ct. App. 2012). And, as Trustee points out, no case has found § 20-1131 to apply to creditors of a beneficiary. But Trustee does not cite any case holding that § 20-1132 is intended merely to be the group life insurance counterpart to § 20-1131, and the Court finds that position unfounded.

A brief comparison of the two statutes makes clear that § 20-1132 is not intended merely to restate § 20-1131's limitations for group life insurance purposes. The statutes do not use the same language when identifying the creditors from which insurance proceeds will be protected. Section § 20-1131(A) protects proceeds from "creditors and representatives of the person effecting the insurance," while § 20-1132(A) protects proceeds from "any legal or equitable process to pay any liability of any person having a right under the policy." "[W]hen the legislature chooses different words within a statutory scheme, we presume those distinctions are meaningful and evidence an intent to give a different meaning and consequence to the alternate language." *State v. Harm*, 340 P.3d 1110, 1115 (Ariz. Ct. App. 2015).

Furthermore, the language of § 20-1131 does not limit its application to "individual life insurance," as Trustee asserts. Doc. 9 at 6. Instead, § 20-1131 covers any life insurance policy, individual or otherwise. § 20-1131(A) ("If *a policy of life insurance* is effected . . ." (emphasis added)). Thus, if the Court were to read § 20-1132 as merely a restatement of § 20-1131 in the group life insurance context, as Trustee suggests, § 20-1132 would do nothing more than § 20-1131 already does and would be rendered superfluous. Arizona courts "avoid interpretations that render statutory provisions meaningless, unnecessary, or duplicative[.]" *Arizona Dep't of Revenue v. Action Marine, Inc.*, 181 P.3d 188, 190 (Ariz. 2008) (internal citations omitted). The Court instead reads § 20-1132 as providing an expanded protection for group life insurance policies as a sub-category of life insurance policies more generally.

Trustee next argues that "Arizona already has an actual exemption statute for death benefits such as life insurance." Doc. 9 at 8. "A.R.S. § 33-1126(A)(1) exempts the first $20,000.00 of benefits paid to a surviving spouse or child on the life of a deceased spouse or parent," and "[t]his is the straightforward, and limited, exemption that protects a finite amount of life insurance proceeds from the creditors of the beneficiary." *Id.* at 8-9. Trustee asserts that "[a]ny other conclusion leads to illogical results" because "[w]hy would the Arizona legislature allow beneficiaries of group life insurance policies an unlimited life insurance proceeds exemption while, at the same time, relegating beneficiaries of individual life insurance to a $20,000.00 exemption?" *Id.* at 9. Answered simply, group insurance and individual insurance may be treated differently because they are different. As discussed in the next section of this order, states historically have recognized differences between group life insurance and individual life insurance. Certainly Arizona has the discretion to recognize such a distinction as well.

### D. Other jurisdictions with similar statutes.

In 2006, the United States Bankruptcy Court for the District of Colorado decided *In re Fahey*, addressing essentially the same question that is currently before this Court: "is a named beneficiary of a group life insurance policy entitled to exempt the policy proceeds under Colo. Rev. Stat. § 10-7-205?" *In re Fahey*, 352 B.R. at 290. As a backdrop for the opinion, the court provided a thorough summary of the history of group life insurance exemption statutes in the United States, including a breakdown of states which had adopted the same or a similar statute as Colorado. *Id.* at 292. The court identified A.R.S. § 20-1332 as a similar statute. *Id.*

The court noted that, historically, courts and scholars interpreting statutes with the same or similar language "recognized a broad exemption for the proceeds of group life insurance policies." *Id.* at 293. After an exhaustive analysis of several potential interpretations of the scope of the statute and the intent of the Colorado General Assembly, the court held that, "consistent with the vast majority of states and the United States, Colorado provides an exemption pursuant to which a named beneficiary may

claim an exemption in the proceeds of a policy of group life insurance, as against the debts of the insured or of the beneficiary himself." *Id.* at 298. *In re Fahey* continues to be the leading case on this issue, and the Court has found no jurisdiction interpreting a "same or similar language statute" that has rejected its reasoning. This is evidenced by two cases discussed in *Fahey* and their history after *Fahey*.

In *In re Heins*, the Southern District of Ohio bankruptcy court attempted to reconcile Ohio's similar language statute, which seemed to provide an unlimited exemption for group life insurance proceeds, with another Ohio statute for individual life insurance, which exempted proceeds only from the insured's creditors. *In re Heins*, 83 B.R. at 505-06. The court held that a beneficiary of a group life insurance policy could exempt proceeds from her creditors only if she was a dependent of the insured. *Id.* In 2013, the Northern District of Ohio bankruptcy court, interpreting the same Ohio statutes at issue in *Heins*, relied on *In re Fahey* and elected not to follow *Heins*. *In re Frederick*, 495 B.R. 813, 818-19 (Bankr. N.D. Ohio 2013) ("[a]fter considering the cases discussed above, this Court is not persuaded by the analysis in *Heins*" and "this Court finds that there is no requirement in [the similar language statute] that the beneficiary be a dependent of the deceased-insured.").

In 2000, the North Carolina bankruptcy court held, under North Carolina's similar language statute, that proceeds of a group life insurance policy were not exempt from the beneficiary's own creditors. *In re Fick*, 249 B.R. 108, 109 (Bankr. W.D.N.C. 2000). After the decision of *In re Fahey*, however, the North Carolina bankruptcy court reversed its position. *See In re Fadeley*, No. 09-31575, 2011 WL 350508, at *2 (Bankr. W.D.N.C. Feb. 1, 2011) ("Judge Brown concluded that the Colorado statute provided an exemption for a named beneficiary in the proceeds of the policy of group life insurance as against the debts of the insured or of the beneficiary. . . . In revisiting the purpose of NCIC and its progeny with the benefit of guidance of Judge Brown's decision [in *In re Fahey*] and the authorities relied upon therein, this Court is persuaded to reverse its *Fick* decision.").

Trustee argues that *Fahey* is inapplicable because "the statute at issue in *Fahey* is

materially different from the Arizona statute." Doc. 9 at 10. The Court does not agree. The statute at issue in *Fahey* provides that:

> *No policy of group insurance, nor the proceeds thereof*, when paid to any employee thereunder, *shall be liable* to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, *to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder,* either before or after payment, nor shall the proceeds thereof, where not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts.

Colo. Rev. Stat. § 10-7-205 (emphasis added); *In re Fahey*, 352 B.R. at 290. The relevant language of A.R.S. § 20-1332 states:

> *A policy of group life insurance or the proceeds thereof*, payable to the individual insured or to the beneficiary thereunder *shall not be liable*, either before or after payment, to be applied by any legal or equitable process *to pay any liability of any person having a right under the policy.*

§ 20-1132(A) (emphasis added). Focusing on the italicized language, the only difference is that Colorado exempts proceeds from the "debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder," while Arizona exempts proceeds from "any liability of any person having a right under the policy." The Court sees no meaningful difference. Arizona uses fewer words, but "any liability of any person having a right under the policy" is essentially the same as an "employee, or his beneficiary, or any *other* person who may have a right" under the policy. Colo. Rev. Stat. § 10-7-205 (emphasis added). By using the word "other," the Colorado statute recognizes that beneficiaries are among the group of persons that have rights under the policy. As discussed above, this is consistent with the law which recognizes that beneficiaries have rights under life insurance policies once the insured dies, and consistent with the conclusion that beneficiaries are covered by § 20-1132.

**IV.  Conclusion.**

In summary, exemption statutes are liberally construed, Debtor in this case became a "person having a right under the policy" when her husband passed, and states historically have treated group life insurance differently from other forms of insurance.

- 9 -

1  Under A.R.S. § 20-1132, the proceeds of the group policy are exempt from the claims of
2  Debtor's creditors.  This interpretation comports with the vast majority of jurisdictions
3  interpreting similar statutes.  *See In re Fahey*, 352 B.R. at 298.

**IT IS ORDERED** that the bankruptcy court's decision (Bankr. Doc. 57, 79) is **reversed** and this case is remanded to the bankruptcy court.

Dated this 7th day of February, 2017.

David G. Campbell
United States District Judge